UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL WESLEY JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-08-70 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION & ORDER

Michael Wesley Johnson ("Johnson" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). Respondent has filed a Motion to Dismiss (Dkt. No. 17) to which Petitioner has responded (Dkt. No. 18). After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be granted and that Johnson's habeas petition should be denied.[1]

## Factual Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th Judicial District Court of DeWitt County, Texas, cause number 03-09-9829. *Ex parte Johnson*, Application No. 66,247-02, at 11-13. On June 8, 2004, a jury found Petitioner guilty of the offense of aggravated assault causing serious bodily injury. *Id.* at 11. On the next day, Petitioner was sentenced to twenty years incarceration in the TDCJ-CID. *Id.*

Nearly two years after his conviction, Petitioner filed an appeal. *See Ex parte Johnson*,

---

[1] Petitioner has requested an evidentiary hearing. (Dkt. No. 18 at 3; Dkt. No. 2 at 1). The AEDPA establishes strict standards limiting the availability of evidentiary hearings in federal court. *See* 28 U.S.C. § 2254(e)(2). Johnson requests a hearing but has not shown that such a hearing is necessary to the adjudication of his claims. As the availability of an evidentiary hearing is within the discretion of this Court, *see Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus"), this Court holds that there is no need for an evidentiary hearing in this case.

Application No. 66,247-01, at 16-17. The Texas Court of Appeals dismissed Petitioner's appeal as untimely. *Id.* On August 25, 2008, Petitioner filed the present federal habeas petition.[2] (Dkt. No. 1 at 9).

## Summary Judgment Standard

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[3] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate

---

[2] Petitioner seems to allege his petition was placed in the prison mail system at some point between June 4, 2008 and August 25, 2008, (Dkt. No. 18 at 2), and a federal habeas petition is considered filed on the date it is placed in the prison mail system. *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). However, even the earlier date does not save this petition from being time-barred.

[3] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. granted in part on other grounds and dismissed*, 541 U.S. 913 (2004), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986).

## Statute of Limitations

Petitioner filed his federal habeas petition on August 25, 2008. His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996, effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was sentenced on June 9, 2004. Following his conviction and sentence, Petitioner failed to timely file an appeal. Accordingly, Petitioner's conviction became final on July 9, 2004, the day the time for filing a notice of appeal expired. *See* Tex. R. App. P. 26.2(a)(1) (West 2003) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"). Petitioner failed to file a federal habeas petition until August 25, 2008, nearly two years removed from the statutory deadline.[4] Petitioner's habeas petition is therefore time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

Because Petitioner does not present a statutory basis for tolling, his petition will be time-barred unless he sets forth a proper basis to apply equitable tolling. As the Fifth Circuit has

---

[4]Under the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not county toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Johnson filed two state writ petitions, the first on September 29, 2006, and the second on December 28, 2007. *Ex parte Johnson*, Application No. 66,247-01, at 22; *Ex parte Johnson*, Application No. 66,247-02, at 23. However, because the statute of limitations had already expired by the time Johnson filed these applications, they do not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Therefore, the instant petition is approximately three years late and barred by AEDPA statute of limitations.

explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling. *Fierro*, 294 F.3d at 682; *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance sufficient to support equitable tolling).

Petitioner appears to argue that he is entitled to equitable tolling because he allegedly instructed his trial attorney to file an appeal, and such an instruction was ignored. Whether or not such an occurrence took place is of no moment to the disposition of this action. Even presuming Petitioner's counsel was instructed to file an appeal and failed to do so, and the Court stresses that, aside from Petitioner's bald conclusory allegations, no evidence exists that such a series of events occurred,[5] Petitioner still waited nearly two full years to file his federal habeas petition.

As the Fifth Circuit has artfully stated, "equity is not intended for those who sleep on

---

[5] On this basis alone, dismissal of Petitioner's filing is justified. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations are insufficient to warrant habeas relief).

their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  It is clear that, here, Petitioner has fallen short of establishing that he was diligent in pursuing his rights.  Petitioner's own allegations, albeit sometimes confusing and conclusory in nature, reveal that he was—at the latest—aware of the defective notice of appeal after the Texas Court of Appeals dismissed Petitioner's appeal as untimely—on June 26, 2006.  *See* (Dkt. No. 18 at 2); *Ex parte Johnson*, Application No. 66,247-01, at 16-17.  In sum, Petitioner has not established that he is entitled to any tolling.  Therefore, his petition must be dismissed as barred by the governing one-year limitations period.

Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition or response to Respondent's Motion to Dismiss that supports extending the applicable limitations period.  Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition.  A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that

reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Dkt. No. 17) is **GRANTED**.

2. This action is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

**SIGNED** this 23rd day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE